UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BONNIE LU LaMANNA,

                         Plaintiff,

  -against-                                     1:05-CV-0781
                                                              (LEK/RFT)
CONCORD MORTGAGE CORP. and
COUNTRYWIDE HOME LOANS,

                         Defendants.
_____

## MEMORANDUM-DECISION AND ORDER[1]

### I. Background

On June 22, 2005, Bonnie Lu LaManna ("LaManna" or "Plaintiff") filed this suit against Concord Mortgage Corp. ("Concord" or "Defendant") seeking to have the Court find that LaManna properly rescinded her November 5, 2004 mortgage with Concord (pursuant to the federal Truth in Lending Act, 15 U.S.C. § 1601) and to have the security interest against LaManna's property voided; she also sought punitive damages. Complaint (Dkt. No. 1). On July 1, 2005, Concord filed suit in New York State Supreme Court seeking a declaration finding that the mortgage is valid or, in the alternative, requiring LaManna to tender the principal back to Concord in exchange for removing the security interest. Motion to Set Aside (Dkt. No. 16) at ¶11.

On August 2, 2005, LaManna answered Concord's state court complaint. Id. at ¶ 12. Concord moved for summary judgment in the state court action on February 14, 2006 and it was

---

[1] For printed publication by the Federal Reporters.

1

granted on May 2, 2006. Id. at ¶¶ 13, 15. New York State Supreme Court Justice Robbins ordered LaManna to tender the principal within ninety (90) days or have the mortgage validated. Id. at ¶ 15. LaManna did not tender the principal. Id. at ¶ 16.

In the case at bar, LaManna served the summons and Complaint on the New York Secretary of State (pursuant to New York law) on August 5, 2005. Affidavit of Service (Dkt. No. 5). According to Concord, the Secretary of State did not forward the Complaint to Concord's address on file. Motion to Set Aside (Dkt. No. 16) at ¶ 22. As a result, Concord never filed a responsive pleading. Id. at ¶ 21.

On October 20, 2005, LaManna requested an entry of default against Concord, which was granted October 24, 2005. Request for Entry of Default (Dkt. No. 10); Clerk's Entry of Default (Dkt. No. 11). LaManna moved for an order of default judgment, which was granted on September 28, 2006 (after the ruling in the state court proceeding). Motion for Default Judgment (Dkt. No. 12); Order Default Judgment (Dkt. No. 13).

Concord became aware of this suit on October 3, 2006 when LaManna's attorney notified them of the default judgment. Motion to Set Aside (Dkt. No. 16) at ¶ 24. Concord immediately filed this Motion to vacate the default judgment pursuant to FED. R. CIV. P. 60(b) ("Rule 60(b)"). Motion to Set Aside (Dkt. No. 16).

## II. Discussion

A motion to vacate a default judgment is the purview of the sound discretion of the district judge. Davis v. Musler, 713 F.2d 907, 912 (2d Cir. 1983). "Powers vested in the trial courts by Rule 60(b) should be liberally exercised in order that cases may be disposed of upon their merits,

2

and parties claiming in good faith to have a substantial defense to an action should be given an opportunity to present it." Standard Grate Bar Co. v. Defense Plant Corp., 3 F.R.D. 371, 372 (M.D. Pa. 1944).

Rule 60(b) sets forth the grounds for which the Court can alter or vacate a final judgment or order. It provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, . . .; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b).

"Properly applied Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). The finality of judgements should not be lightly reopened but substantial justice should served. Id.

"The Second Circuit has established three criteria in determining whether to set aside default judgments: (1) whether the default was willful; (2) whether the moving party has a meritorious defense; and (3) whether setting aside the default would prejudice the party who secured the entry of the default." Dixonweb Printing Co. v. Photo Intercept Coupon Sys., No. 94 Civ. 746, 1995 U.S. Dist. LEXIS 8871 at *10 (S.D.N.Y. 1995); see also Marziliano v. Heckler, 728 F.2d 151, 156 (2d Cir. 1984). Meeting these three criteria would constitute extraordinary circumstance that would justify vacating the default judgment.

Concord argues that relief is deserving under both the Rule 60(b)(3) and(6) categories. They

3

allege that LaManna's attorney acted in bad faith in his administration of this suit and that the circumstances surrounding the default are extraordinary. It is the belief of this Court that Concord presents a valid claim under Rule 60(b)(6) and so it will not go into the merits of the Rule 60(b)(3) claim.

>A. CONCORD PRESENTS A VALID RULE 60(b)(6) CLAIM DUE TO EXTRAORDINARY CIRCUMSTANCES

Concords Rule 60(b)(6) claim is centered on the service of process for the summons and Complaint and the motion for default judgement that was used by LaManna's attorney. Concord is not alleging that service was insufficient and that the Complaint is therefore void, but rather the facts surrounding the service led to Concord not being made aware of the suit and that this constitutes extraordinary circumstances.

>1. CONCORD'S MOTION TO VACATE THE DEFAULT JUDGMENT WAS TIMELY

Rule 60(b) does not set forth explicitly what time period is proper for a Rule 60(b)(6) motion, it only states that it must be reasonable. FED. R. CIV. P. 60(b). For some of the other subsections in the rule, a one year time limit is put forth. Id. It stands to reason that at least a one year time period is reasonable in Rule 60(b)(6) circumstances. Here, Concord's Motion was filed on November 7, 2006, less then two months after LaManna was awarded default judgment on September 28, 2006. See Order for Default Judgment (Dkt. No. 12); Motion to Set Aside (Dkt. No. 16). Further, as Concord's Motion notes, they filed the Motion to set aside as soon as the Complaint and default judgment was brought to there attention. The Motion was timely since it was filed as soon as the default judgment and the Complaint came to the attention of Concord.

## 2. CONCORD'S DEFAULT WAS NOT WILLFUL

"A defendant's default is deemed willful where he simply ignores the complaint without action." Dixonweb Printing Co., 1995 U.S. Dist. LEXIS 8871, at *10. Concord alleges that it did not answer the Complaint because it was unaware of the Complaint. Motion to Set Aside (Dkt. No. 16) at ¶17. The issue is whether Concord should have been aware of the Complaint. In this case, LaManna served the New York Secretary of State, as allowed under New York Law and FED. R. CIV. P. 4(e). Either the Secretary of State's office did not forward the Complaint or for some reason it was not received by Concord. Motion to Set Aside (Dkt. No. 16) at ¶¶ 19, 20. There are no facts to tell the Court why Concord did not become aware of the suit. Therefore, Concord cannot be said to have had knowledge of the Complaint and of the need to file an answer. Concord did not ignore the Complaint, but rather had no idea that the Complaint had been filed and, therefore, their actions in failing to answer the Complaint cannot be willful.

## 3. CONCORD HAS A MERITORIOUS DEFENSE

Concord must show that they have a meritorious defense to LaManna's claims, but, they do not have to show that such a defense would be successful in defeating LaManna's pleadings. Musler, 713 F.2d at 916. Here, the meritorious defense alleged by Concord is that the doctrine of claim preclusion would properly require the Court to dismiss LaManna's claim, since the New York State Supreme Court has already ruled on the same facts in Concord's favor. See Motion to Set Aside (Dkt. No. 16). The Circuit in Musler found that claim preclusion or res judicata are valid meritorious defenses that can vacate a default judgment, when on their face the defenses appear valid. Musler, 713 F.2d at 916. Here, Concord's defense of claim preclusion appears to be valid; they allege that a competent court with jurisdiction to hear a case that has similar or the same facts

and the same parties as the this case, issued a final ruling on the matter before the entry of default judgment, which is the definition of res judicata. See Montana v. United States, 440 U.S. 147, 153 (1979). Concord's claim preclusion defense appears facially valid and is a meritorious defense that is sufficient for Rule 60(b) purposes.

    4. NO PREJUDICE TO LaMANNA

The imposition of the cost of litigating the issue of whether to vacate a default judgment and the delay in obtaining the requested relief that LaManna would suffer if Concord's motion is granted is not enough to show prejudice. See Musler, 713 F.2d at 916. For prejudice, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Id. LaManna, in her response to Concord's Motion, does not allege prejudice, and there are no facts in the record, of the kind cited in Musler, to find prejudice. Affidavit in Opposition (Dkt. No. 26). Accordingly, LaManna is not prejudiced to by the Court's Order to vacate the default judgment.

### III. Conclusion

Concord has met their burden and showed extraordinary circumstance. Therefore, their Rule 60(b) Motion is granted and the default judgment against them is vacated.

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant's Motion to vacate the default judgment against Defendant (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED**, that the Order granting Plaintiff's Motion for default judgment (Dkt. No. 13) is **RESCINDED** and **VACATED**; and it is further

**ORDERED**, that the Clerk re-open the case consistent with this ruling; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:    July 20, 2007
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge