UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BONNIE LU LaMANNA,

                            Plaintiff,

      v.                                      1:05-CV-0781 (LEK/RFT)

CONCORD MORTGAGE CORP. and
COUNTRYWIDE HOME LOANS,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## DECISION and ORDER

        Plaintiff Bonnie Lu LaManna commenced the instant action against Defendants seeking a determination that she properly rescinded her November 5, 2004 mortgage pursuant to the Truth in Lending Act, 15 U.S.C. § 16, and to have the security interest in her property voided. Presently before the Court is Defendant Concord's motion to dismiss pursuant to Federal Rule 12(b)(6) on grounds of res judicata and collateral estoppel. Fed R. Civ P. 12(b)(6).

### I.  FACTS

        The Complaint alleges that on November 5, 2004, Plaintiff and Defendant Concord entered into a mortgage agreement in the sum of $85,000, the purpose of which was to refinance existing mortgage indebtedness. The mortgage agreement was subject to a three-day right of rescission. "On or about November 8, 2004, the first business day following the closing, plaintiff faxed and sent by certified mail notices of recission [sic]." Compl. (Dkt. No. 1) at ¶ 6. The Complaint further alleges that, notwithstanding the notices of rescission, "the defendants have failed to take the necessary action

to rescind. . . ." Id. at ¶ 8.  Plaintiff seeks an order requiring Concord to rescind the November 5, 2004 mortgage, to record the necessary documents indicating that the mortgage is null and void, and awarding punitive damages in the amount of $1,000,000.00.  Id. at 2-3.

On or about July 1, 2005, Concord filed a complaint in the Supreme Court of the State of New York, County of Nassau, requesting a judgment against Plaintiff: (a) declaring the loan transaction between the parties to be valid and binding; (b) conditioning any cancellation of the transaction upon the restoration to Concord by Plaintiff of the benefits of the loan received by her; and (c) granting costs and disbursements.  Dkt. No. 30, Attach. 2.  In August 2005, Plaintiff, through her attorney, answered Concord's Complaint.  Dkt. No. 30, Attach. 3.  In February 2006, Concord moved for summary judgment on its claims.  Plaintiff filed responsive papers.  See NY Supreme Court Order (Dkt. No. 30, Attach. 4).  By Order dated May 2, 2006, the New York State Supreme Court granted Concord's motion for summary judgment and held that Plaintiff's "right of rescission is conditioned on her tendering the loan principal.  If said tender does not take place within ninety days from the date of this decision, the loan will be deemed valid and binding."[1]  Id. at 3.

Concord now seeks dismissal of the instant Complaint under principles of res judicata and collateral estoppel.  Plaintiff failed to respond to the Motion.

---

[1] Although the Court is, in this limited context, relying on materials outside the pleadings, public records may be considered on a motion to dismiss, particularly when necessary to adjudicate claims of collateral estoppel and/or res judicata.  See Blue Tree Hotel Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004) (stating that courts "may also look to public records, including complaints filed in state court, in deciding a motion to dismiss"); Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991) (affirming Rule 12(b)(6) dismissal of securities fraud case where the district court considered documents filed with the Securities and Exchange Commission); Cowen v. Ernest Codelia, P.C., No. 98 Civ. 5548, 2001 WL 856606, at *1 (S.D.N.Y. July 30, 2001) ("[I]t is proper to consider public documents on a motion to dismiss to determine whether claims are barred by prior litigation.").

## II. DISCUSSION

"[R]es judicata prevents a plaintiff from raising a claim that was or could have been raised in a prior suit." McKithen v. Brown, 481 F.3d 89, 104 (2d Cir. 2007). "New York law has adopted a 'transactional approach' to claim preclusion. . . . "[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transaction are barred . . . ." McKithen, 481 F.3d at 104 (quoting O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 688, 429 N.E.2d 1158 (1981)) (internal citations omitted). "[C]ollateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." In re Hyman, 502 F.3d 61, 65 (2d Cir. 2007).

In this action, Plaintiff seeks an order requiring Concord to rescind the mortgage and record the necessary documents indicating that the mortgage is null and void. See Compl. (Dkt. No. 1). In essence, Plaintiff is seeking a declaration that the loan, together with the security interested created thereby, is invalid. This is the identical issue litigated in the state court. In the state court proceeding, Concord filed a motion for summary judgment and Plaintiff filed opposition papers. See Def.'s Mem. (Dkt. No. 30, Attach. 1) at ¶¶ 13-14. Plaintiff had an opportunity to file an appeal, but, apparently, did not do so. Accordingly, Plaintiff had a full and fair opportunity to litigate the issue. The validity of the loan, and the security interest created by the loan, was actually and necessarily decided in the state court action. See NY Supreme Court Order (Dkt. No. 30, Attach. 4). The state court expressly held that Plaintiff's "right of rescission is conditioned on her tendering the loan principal. If said tender does not take place within ninety days from the date of this decision, the loan will be deemed valid and binding." The resolution of this issue in the state court is decisive of the present litigation. Id. at 3. If

Plaintiff repaid the principal, then the loan is not valid and binding, and Concord must execute the necessary documents to release any security interest. If this is the situation, Plaintiff may return to the state court to enforce the state court order. If, on the other hand, Plaintiff did not repay the mortgage, then the loan is valid and binding, and according to the state order, Concord need not do anything more. Id. Either way, the issue concerning the validity of the loan and the security interest has already been decided by the state court. Accordingly, Plaintiff is barred by principles of res judicata and collateral estoppel from maintaining the instant action.

### III.  CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that Defendant's Motion to dismiss (Dkt. No. 30) is **GRANTED**; and it is further

**ORDERED**, that the Complaint (Dkt. No. 1) is **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

DATED: January_23, 2008
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge